IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BETTY MALLORY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:14cv984-SRW |
| | ) | |
| BIOMET, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiff Betty Mallory commenced the present products liability action in the Circuit

Court of Chilton County, Alabama, on March 13, 2014, against defendant Biomet, Inc.

("Biomet") and a number of fictitious defendants.  Plaintiff asserts a claim against Biomet

pursuant to the Alabama Extended Manufacturers Liability Doctrine ("AEMLD"), alleging

that fracture stem hardware manufactured by Biomet and implanted into the plaintiff was

defective and unreasonably dangerous, resulting in a serious infection and injury to the

plaintiff.  Plaintiff alleges that "she incurred medical expense and will do so in the future;

she incurred physical pain and mental anguish and will do so in the future; [and that] she was

permanently disfigured and disabled." (Complaint, Doc. # 1-2).  Biomet removed the action

to this court on September 25, 2014, within thirty days after it was served with a copy of the

summons and complaint, on the basis of diversity jurisdiction.  (Doc. # 1; id. at ¶ 3 and n. 1;

Doc. # 1-1 at pp. 3, 20-21, 26).

Plaintiff does not challenge defendant's allegations regarding citizenship of the parties

or its contention that "[t]he amount in controversy in this action exceeds $75,000, exclusive of interest and costs."  (See Doc. # 1, ¶¶ 6, 7, 10).  The court has, nevertheless, examined its own authority to proceed in this matter and concludes that this action does fall within the subject matter jurisdiction conferred on the district courts of the United States by 28 U.S.C. § 1332(a).[1]

This action is presently before the court on Biomet's motion to dismiss, filed on October 2, 2014 (Doc. # 4).  Biomet contends that plaintiff's claim against it is due to be dismissed as barred by the applicable statute of limitations, and also because plaintiff fails to allege a plausible claim for relief against Biomet.  Plaintiff has filed a response in

---

[1]  Plaintiff demands judgment against the defendant awarding her "compensatory and/or punitive damages" in an unspecified amount. (Doc. # 1-2, p. 2). She alleges that she has suffered "great pain and discomfort and that might result in amputation of her leg[,]" and "serious and permanent injury"; that she "incurred medical expenses and will do so in the future"; that she has experienced "physical pain and mental anguish and will do so in the future"; and – significantly – that she is "*permanently disfigured and disabled*." (Id., ¶¶ 6, 11, 12)(emphasis added). Based on the plaintiff's allegations, particularly those of permanent disability and disfigurement, the court concludes that it is facially apparent from the complaint that the amount in controversy exceeds that required to support the court's exercise of diversity jurisdiction, even excluding consideration of punitive damages. See Roe v. Michelin North America, Inc., 613 F.3d 1058, 1061-62 (11th Cir. 2010)("[I]t may be facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the complaint does not claim a specific amount of damages. ... Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a district court need not suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount.")(internal quotation marks and citations omitted); see also Culpepper v. Stryker Corp., 968 F. Supp.2d 1144, 1158 (M.D. Ala. 2013)(in an AEMLD case alleging serious physical injury from a defective medical product, concluding that an amount in controversy exceeding the jurisdictional minimum was facially apparent from the complaint, despite a demand for damages in an unspecified amount); Jones v. Novartis Pharmaceuticals Co., 952 F.Supp.2d 1277, 1284 (N.D. Ala. 2013)(same).

opposition to the motion (Doc. # 13). Upon consideration of the parties' arguments in support of and in opposition to the motion, the court concludes that the motion to dismiss is due to be granted.

## MOTION TO DISMISS STANDARD

To overcome a defendant's Rule 12(b)(6) motion, the complaint must include "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Twombly, 550 U.S. at 555). Courts considering motions to dismiss first "eliminate any allegations in the complaint that are merely legal conclusions" and, then, determine whether the well-pleaded factual allegations of the complaint – assuming their veracity – "'plausibly give rise to an entitlement to relief.'" See American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010)(citing Iqbal, 129 S.Ct. at 1950). In considering a Rule 12(b)(6) motion, the court "'limits its consideration to the pleadings and exhibits attached thereto.'" Thaeter v. Palm Beach County Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006)(quoting Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000)(per curiam); see also Fuller v. SunTrust Banks, Inc., 744 F.3d 685, 695-96 (11th Cir. 2014)(also noting the general rule).

## DISCUSSION

### Statute of Limitations

Plaintiff asserts a single cause of action against Biomet, claiming that it is liable to her under the AEMLD  (Complaint, Count One).  Whether plaintiff's cause of action is barred by the statute of limitations is governed by Alabama law.  <u>Cambridge Mut. Fire Ins. Co. v. City of Claxton, Ga.</u>, 720 F.2d 1230, 1232 (11th Cir. 1983).  The statute of limitations that applies to plaintiff's AEMLD claim is the  two-year limitations period set forth in Section 6-2-38(l) of the Alabama Code.  <u>Smith v. Medtronic, Inc.</u>, 607 So.2d 156, 159 (Ala. 1992); <u>Ala. Code</u>, §6-2-38(l)("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years.").

Although a statute of limitations bar is an affirmative defense (<u>Special Assets, L.L.C. v. Chase Home Finance, L.L.C.</u>, 991 So. 2d 668, 675 (Ala. 2007)), a "Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred."  <u>Gonsalvez v. Celebrity Cruises, Inc.</u>, 750 F.3d 1195, 1197 (11th Cir. 2013)(internal quotation marks and citation omitted); <u>see also</u> <u>Quiller v. Barclays American/Credit, Inc.</u>, 727 F.2d 1067, 1069 (11th Cir. 1984), *reinstated on rehearing en banc,* 764 F.2d 1400 (11th Cir. 1985)("Generally, the existence of an affirmative defense will not support a motion to dismiss. Nevertheless, a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long

as the defense clearly appears on the face of the complaint.").  Thus, on the present motion, defendant is entitled to prevail on its statute of limitations defense only if "the defense's existence can be judged on the face of the complaint" (Concordia v. Bendekovic, 693 F.2d 1073, 1075 (11th Cir. 1982)) – *i.e.*, if plaintiff's allegations clearly establish the defense. Defendant contends that they do.

As noted above, plaintiff filed the present complaint on March 13, 2014. (See Complaint, p. 1, Clerk's date stamp). Thus, defendant is entitled to dismissal on the basis of its statute of limitations defense if plaintiff's allegations clearly establish that her claim accrued before March 13, 2012.  The injury that plaintiff alleges is the Citrobacter infection, as defendant contends. (See Complaint, ¶ 10; Doc. # 4, p. 5). Defendant argues, thus, that "for Plaintiff's claim to be timely, the infection could not have been present or manifest before March 13, 2012." (Id.). Plaintiff contends that her claim did not accrue until May 2012, when her doctors diagnosed the Citrobacter infection in the hardware in her leg.  (Doc. #13). The court need not decide which party is correct regarding the date of accrual, however, because – accepting for purposes of this motion that plaintiff's claim accrued when the Citrobacter infection appeared, not when it was diagnosed – plaintiff's allegations do not clearly establish that the infection was present before March 13, 2012.  Thus, the statute of limitations defense does not "clearly appear[] on the face of the complaint" (Quiller, 727 F.2d at 1069).

Plaintiff alleges that she had hip replacement surgery in May of 2007, during which

5

a "fracture stem" manufactured by Biomet was implanted.  (Complaint, ¶ 4). She further

alleges:

> In April of 2010, Plaintiff was involved in a serious car accident.  The injuries
> included a left femur fracture, periprosthetic. That injury required an open
> reduction and fixation surgery in which metal plates and other hardware were
> surgically implanted in the plaintiff's leg.
>
> In approximately January of 2012, Plaintiff sustained a bump to her knee.
> *Subsequent to that*, severe swelling and pain began in the area of the knee and
> leg. It was finally determined in May of 2012 that Plaintiff had a chronic
> Citrobacter infection in the hardware in her leg that was causing great pain and
> discomfort and that might result in the amputation of her leg.

(Complaint, ¶¶ 5-6)(emphasis added).[2]

> Defendant argues, based on these allegations, that:
>
> [P]laintiff's cause of action accrued ***at the latest*** in January 2012 when she
> first alleges manifestations of the infection – the symptoms of "severe pain and
> swelling" in her leg leading to the diagnosis of the infection. (*See* Compl. ¶ 6).
> Moreover, as of May 2012, she alleges her infection was "finally" determined
> to be "chronic." (*See id*.). As the infection was "chronic" it must have been
> present for some  time prior to May 2012.

(Doc. # 4, p. 5).  The court agrees with the latter conclusion – *i.e.*, that plaintiff's allegations

establish that her "chronic" infection was present before May 2012.   However, contrary to

defendant's argument, plaintiff does *not* allege that the "severe pain and swelling" began in

January 2012; what she clearly alleges to have occurred in "approximately" January is that

she "sustained a bump to her knee." (Complaint, ¶ 6). The "severe pain and swelling" in

---

[2]  Plaintiff does not allege that Biomet manufactured any of the hardware implanted during
her April 2010 surgery. The hardware implanted in 2010 is the basis for Count Two, plaintiff's
AEMLD claim against the fictitious defendants. (See Complaint, p. 1 (describing fictitious
defendants) and Count Two).

plaintiff's knee and leg allegedly began "subsequent to that," and plaintiff further alleges that, in May 2012, "[i]t was finally determined" that she "had a chronic Citrobacter infection in the hardware in her leg[.]" (Id.).  Thus, plaintiff's factual allegations clearly establish that her infection appeared after she sustained the bump to her knee "[i]n approximately January 2012[,]" and some period of time before her diagnosis in May 2012.  However, they do not establish clearly that the Citrobacter infection first appeared before March 13, 2012.  That it appears possible from plaintiff's allegations – or even likely – that this is so does not entitle defendant to prevail on its affirmative defense at this stage of the proceedings.  See Mobile Infirmary v. Delchamps, 642 So.2d 954, 958-59 (Ala. 1994)(plaintiff's claim not subject to dismissal under Rule 12(b)(6) due to failure to allege the date on which she first suffered legal injury; noting that "the statute of limitations defense is an 'affirmative defense,' which the defendant has the initial burden to allege and prove; the plaintiff does not have the initial burden of disproving that defense").

### Failure to State a Claim

As noted above, the only claim that plaintiff asserts against Biomet is that it is liable to her under the AEMLD.  (Complaint, Count One).  Defendant contends that plaintiff's allegations fail to state a plausible claim for relief against it under the AEMLD. "To establish a *prima facie* case against a manufacturer under the AEMLD, a plaintiff must show that (1) the defendant manufacturer sold a defective product, (2) the defect was the cause in fact of the plaintiff's injury and is traceable to the defendant, and (3) the product reached the

plaintiff without substantial modification to the condition in which it was sold." Goree v. Winnebago Industries, Inc., 958 F.2d 1537, 1541 (11th Cir. 1992). "Under Alabama law, '[t]he fact of an injury ... does not establish the presence of a defect.' Instead, a plaintiff must show that 'the product's failure of performance is causally related in fact to the product's defective condition at the time of its sale.'" Hughes v. Stryker Corp., 423 F. App'x. 878, 880 (11th Cir. 2011)(quoting Sears, Roebuck Co. v. Haven Hills Farm, Inc., 395 So.2d 991, 995 (Ala. 1981)); see also Clayton v. LLB Timber Co., Inc., 70 So.3d 283, 287 (Ala. 2011)(a plaintiff cannot rely solely on the fact that an accident occurred but must prove the existence of the failure or defect). While an AEMLD plaintiff is not required to prove "the specific negligent conduct that ultimately caused a defective condition in a manufacturer's product[,]" she "must still prove the existence of a defective condition and prove that the defect proximately caused [her] injuries." Taylor v. General Motors Corp., 707 So.2d 198, 202 (Ala. 1997).

As noted above, plaintiff alleges that a Biomet-manufactured fracture stem was implanted during her hip replacement surgery in 2007; that hardware from other manufacturers was implanted in 2010, due to the femur fracture plaintiff sustained in a serious car accident; that plaintiff sustained a bump to her knee in January 2012 and, "[s]ubsequent to that," suffered severe swelling and pain; and that in May 2012, plaintiff was determined to have a chronic Citrobacter infection. (Complaint, ¶¶ 4-6). Plaintiff further alleges that:

Defendant Biomet, Inc. is a corporation engaged in the business of manufacturing and selling hip implant hardware for the purpose of implantation in persons with a need for hip replacement surgery.

Defendant Biomet, Inc., at some point prior to May of 2007, manufactured and sold the hardware implanted in the Plaintiff and identified as a Biomet fracture stem, 16 x 165, with a 34 B calcar, a 43 mm bipolar with a minus 3 head. Defendant Bioment, Inc. placed the product in the stream of commerce and it reached the Plaintiff, as the ultimate user or consumer of the product, without any substantial change in its condition f[ro]m the time it was manufactured and sold by the Defendant.

This fracture stem hardware, at the time it reached Plaintiff, was in a defective Condition and unreasonably dangerous to Plaintiff as the ultimate user or consumer, as defined under the Alabama Extended Manufacturers Liability Doctrine, in that: the hardware caused or resulted in a serious citrobacter infection to attack Plaintiff's leg resulting in great harm and risk to the Plaintiff.

Plaintiff was using the fracture stem hardware as it was intended to be used and as a proximate consequence of the defective condition unreasonably dangerous, Plaintiff contracted a serious infection resulting in serious and permanent injury.

(Complaint, ¶¶ 8-11).

In evaluating whether a complaint states a claim, the court disregards allegations that are merely legal conclusions and determines whether the well-pled allegations of fact – accepted as true – plausibly give rise to an entitlement to relief. American Dental Ass'n., 605 F.3d at 1290. Plaintiff's complaint includes little more than a "threadbare recital[] of the elements of a cause of action" under the AEMLD, "supported by mere conclusory statements" (Iqbal, 556 U.S. at 678) of defect and causation. Plaintiff alleges no factual content to support her conclusory allegation that the fracture stem manufactured by Bioment

was "in a defective Condition and unreasonably dangerous," other than that she contracted a Citrobacter infection nearly five years after the fracture stem was implanted. (Complaint, ¶¶ 4-12). Under Alabama law, the fact that plaintiff suffered an injury is insufficient to establish that the product was defective. Hughes, 423 F. App'x. at 880. Additionally, plaintiff does not allege facts sufficient to support her conclusory allegation of causation. The facts that plaintiff had Biomet hardware surgically implanted in 2007, other hardware surgically implanted in 2010, and was found to have a Citrobacter infection in unspecified "hardware" in her leg in 2012 do not "nudge[] [her] claim[] across the line from conceivable to plausible" (Twombly, 550 U.S. at 570). Plaintiff does not even allege that her physicians determined in 2012 that the Biomet fracture stem – as opposed to the hardware implanted in 2010 – was the site of plaintiff's Citrobacter infection, let alone offering any additional facts that would support a reasonable inference that the Biomet hardware *caused* the infection. As Biomet contends, plaintiff's factual allegations – viewed in the light most favorable to her – "do not allow a reasonable inference that Biomet is liable for the harm Plaintiff has allegedly suffered." (Doc. # 4, pp. 9-10). Because plaintiff has failed to allege an AEMLD claim against Biomet that is plausible on its face, Biomet's motion to dismiss is due to be granted.

### Leave to Amend

Plaintiff requests that, if the court finds her allegations to be insufficient to state a claim, she be allowed an opportunity to amend her complaint. (Doc. # 13, p. 10). Biomet contends that "leave to amend should be denied as futile" because "[e]ven if Plaintiff could

cure the pleading deficiencies in her Complaint, her claims would still be time-barred and subject to dismissal." (Doc. # 17). As discussed above, the allegations of plaintiff's present complaint do not clearly establish that Biomet is entitled to prevail on its statute of limitations defense. The court will, accordingly, allow plaintiff an opportunity to amend her complaint.

## CONCLUSION

For the foregoing reasons, it is

ORDERED that Biomet's motion to dismiss (Doc. # 4) is GRANTED, and plaintiff's claim against Biomet (Count One) is DISMISSED without prejudice. It is further

ORDERED that plaintiff may, **on or before December 18, 2014**, file a motion for leave to file an amended complaint which attaches plaintiff's proposed amended complaint. In the amended complaint, plaintiff may not incorporate any portion of her original complaint – or any other document – by reference. It is further

ORDERED that Biomet may respond to plaintiff's motion for leave to amend, if any, **on or before January 6, 2015.**

DONE, this 4th day of December, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE